IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JERMAINE WILLIAMS,<br><br>Defendant. | Case No. 4:23-cr-55 |

**OPINION & ORDER**

Defendant Jermaine Williams asks the Court to reduce his sentence because he believes an amendment to the United States Sentencing Guidelines that took effect after he was sentenced would—if it had been applied to his case—have resulted in a lower sentencing guidelines range than the Court applied. ECF No. 28 at 1. But the amendment does not change the defendant's guidelines. Therefore, the motion will be **DENIED.**

The defendant pleaded guilty to possessing a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 15. His base offense level was 23. ECF No. 19 ¶ 17 (SEALED); *see* U.S.S.G. § 2K2.1. The defendant was attributed with three criminal history points, which placed him in criminal history category II. *Id.* ¶ 42 (SEALED); *see* U.S.S.G. § 4A1.1 (2023). Together, these factors resulted in an advisory sentencing guidelines range of 51 to 63 months. ECF No. 19 ¶ 78 (SEALED); *see* U.S.S.G. § 5A. The Court sentenced the defendant to 60 months of incarceration followed by a three-year period of supervised release. ECF No. 26.

The defendant requests a sentence reduction under 18 U.S.C. § 3582(c)(2), which allows a court to modify a sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[1] The motion asserts that, based on an amendment to the United States Sentencing Guidelines "concerning the computing of criminal history for offense[s] prior to age [18]," which took "effect on November 1, 2024," his "guideline[s] range as well as base offense level would be []different then what happened during sentencing." ECF No. 28 at 1.

The Court understands the defendant to be referring to the 2024 amendment to U.S.S.G. § 5H1.1, which provides that the defendant's youth at the time of the instant offense or prior offenses may be relevant to determine whether a downward departure from the advisory sentencing guidelines range is appropriate. This amendment does not entitle the defendant to relief for three reasons.

First, the amendment to § 5H1.1 does not "lower[]" any "sentencing range." 18 U.S.C. § 3582(c)(2). The section as amended merely provides guidance to courts in circumstances where a defendant's youth might counsel in favor of issuing a sentence below the advisory guidelines range that applies in a given case. It does not change the sentencing range itself.

---

[1] The defendant also asks the Court to appoint a lawyer to assist with his motion. ECF No. 28 at 1. "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," a motion for reduction of sentence generally does not "fit into this category." *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). Because the law and the facts are clear here, and a lawyer's assistance could not change the outcome of the motion, the Court will deny the defendant's request.

Additionally, the amendment did not change anything about how courts calculate defendants' sentencing guidelines. An advisory sentencing guidelines range is based on two factors: the base offense level and criminal history category. *See* U.S.S.G. § 5A (sentencing table). An individual's base offense level is determined by the type of crime at issue and the defendant's role in that crime; criminal history—adult or juvenile—plays no part in that calculation. *See, e.g.*, U.S.S.G § 2K2.1 (prescribing the base offense level for violations of 18 U.S.C. § 922(g)(1)). As for criminal history, "[a]n adult or juvenile sentence imposed for an offense committed prior to the defendant's [18th] birthday is counted only if imposed within five years of the defendant's commencement of the current offense." U.S.S.G. § 4A1.1(c), comment (n.2). The amendment to § 5H1.1 did not change that rule.

Finally, it is not true that the defendant's sentence was "based upon a determination using his juvenile record." ECF No. 28 at 1. Because the defendant's juvenile adjudications did not occur within five years of the offense for which he was sentenced in the instant case, it never counted toward his criminal history score and therefore had no effect on his advisory sentencing guidelines range. *See* U.S.S.G. § 4A1.1(c), comment (n.2).[2]

For these reasons, the 2024 amendment U.S.S.G. § 5H1.1 does not "lower[]" the "sentencing range" that applies to the defendant. 18 U.S.C. § 3582(c)(2).

---

[2] The defendant's juvenile adjudications are listed in his Presentence Investigation Report, ECF No. 19 ¶¶ 29–31 (SEALED), but the "O"s in the far right column titled "Pts" indicate that they were assigned zero points in the criminal history calculation.

3

Therefore, 18 U.S.C. § 3582(c)(2) does not authorize the Court to reduce the defendant's sentence.[3]

Accordingly, the defendant's Motion to Reduce Sentence (ECF No. 28) is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the defendant and to the United States Attorney's Office.

**IT IS SO ORDERED.**

/s/ 
Jamar K. Walker
United States District Judge

Newport News, Virginia
December 12, 2024

---

[3] Construing the motion liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022), the Court has considered whether the defendant intends to argue that, if the Court had had the guidance provided by § 5H1.1 at the time of sentencing, it would have departed downward from the advisory sentencing guidelines range, *see* 18 U.S.C. § 3582(c)(1)(i) (allowing courts to lower sentences in cases where the defendant demonstrates that "extraordinary and compelling reasons warrant such a reduction"). But since the defendant's guidelines were unaffected by his juvenile record, and he was sentenced in the instant case at age 48, ECF No. 19 at 3, the Court finds no basis for a downward departure based on the defendant's age. *See* U.S.S.G. § 5H1.1 ("A downward departure [] may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses.").